**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **TARAN TRAVON WILLIAMS,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 7:26-cv-129-WLS-CHW** |
| **DEP WARDEN TINA KELLEY, *et al.*,** | : | |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

Pending before the Court is a Complaint filed by *pro se* Plaintiff Taran Travon Williams, a prisoner in the Rogers State Prison in Reidsville, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") (ECF No. 2) and filed a document that appears to request appointed counsel (ECF No. 7). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A and § 1915(e). Plaintiff's motion for appointed counsel is **DENIED.**

## MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His motion to proceed IFP (ECF No. 2) is **GRANTED.**

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court

each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### II. Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTION FOR APPOINTED COUNSEL

Plaintiff also moves for appointed counsel in this case. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 7) is **DENIED**.[1]

The Court notes that Plaintiff's motion also contains a request for copies of two warrants he mailed to the Court in support of his case. ECF No. 7 at 1. It appears Plaintiff

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

is referring to documents attached to one of the notices docketed on May 20, 2026 (ECF No. 4). While Plaintiff has been permitted to proceed *in forma pauperis* in this case, he is not entitled to free copies of court documents. *Jackson v. Fla. Dep't of Fin. Servs.*, 479 F. App'x 289, 292-93 (11th Cir. 2012). The District Court's Miscellaneous Fee Schedule, as prescribed by the Judicial Conference of the United States, requires the Court to charge $0.50 per page for copies. *See* 28 U.S.C. § 1914(b). As a one-time courtesy, however, the Court **DIRECTS** the Clerk to mail Plaintiff one copy of the documents filed at ECF No. 4-1. If Plaintiff wishes to obtain copies of any documents he submits to the Court in the future, he should request a statement of the cost for these copies from the Clerk of Court, and upon receipt of payment for the copies, the Clerk will provide them to Plaintiff.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review,

the Court may dismiss claims that are based on “indisputably meritless legal” theories and “claims whose factual contentions are clearly baseless.” *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint “in light of [prisoner’s] history as a prolific serial filer”).

A complaint fails to state a claim if it does not include “sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). “Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . .” *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts “to raise a reasonable expectation that discovery will reveal evidence” supporting a claim. *Id*. at 556. “Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.” *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at

preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

**II. Factual Allegations and Plaintiff's Claims**

Plaintiff's claims arise from a criminal conviction from the Superior Court of Cook County, Georgia. ECF No. 1 at 1. According to the Complaint, Plaintiff was convicted of burglary and theft by taking, and he was sentenced on August 6, 2025. *Id.* It is unclear when Plaintiff's sentence will be completed. *See id.* Plaintiff contends that he received a Georgia Department of Corrections ("GDC") Computation Report from Deputy Warden Tina Kelly on August 14, 2025, that contained incorrect information about Plaintiff's sentence. *Id.* at 5. Plaintiff alleges that "[t]he crime committed dates" for two of the counts for which he was convicted "are incorrect 100%." ECF No. 5-1 at 10. In addition, he believes some of the dates on his offender scheduling forms are incorrect, which may have caused him to be ineligible for performance incentive credits that could reduce the length of his sentence. *Id.* at 7. Finally, Plaintiff alleges that "[t]he evidence in [his] case will . . . indicate a lot of judicial misconduct, and unlawful governmental procedures[,]" though the nature of this misconduct is not clear from his submissions. ECF No. 1 at 6. Plaintiff contends prison officials have not helped him correct his paperwork or otherwise address these issues, and he thus "need[s] this court to address the facts surrounding [his] claim due to the denial of assistance from administration at the place of confinement, and the court who imposed sentence." *Id.*

Though the basis for Plaintiff's constitutional claims is unclear, it appears he is suggesting that alleged errors in his GDC paperwork have caused the length of his sentence to be miscalculated. Such claims implicate the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In *Heck*, the United States Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If judgment would imply the invalidity of the conviction, the prisoner "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. If the prisoner cannot show that his conviction or sentence has been invalidated in this manner, the prisoner's § 1983 claim is not cognizable. *Id.* at 487. Any claims challenging the length of Plaintiff's sentence would be barred by *Heck* because success on those claims would necessarily imply the invalidity of his sentence, and Plaintiff has not established that his sentence has already been invalidated. *See, e.g., Colvin v. LeBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) (holding that prisoner's "§ 1983 damages action predicated on the sentence calculation issue is barred by *Heck* because success on that claim would necessarily invalidate the duration of his incarceration"); *Hill v. Snyder*, 878 F.3d 193, 208 (6th Cir. 2017) ("The *Heck* doctrine

instructs that no matter how a § 1983 claim is couched, if its success would necessarily affect the length of a sentence, the litigant must rely on habeas relief.").[2]

Except for Defendant Kelly, each named Defendant—Judge Clayton Tomlinson, Alapaha Circuit District Attorney Perryman, and Cook County Judicial Court Judge Perryman—was involved in the state court criminal proceedings against Plaintiff. ECF No. 1 at 1.[3] Plaintiff's claims against these three defendants should also be dismissed for other reasons. First, Plaintiff has not alleged that any of these individuals was in any way responsible for the alleged errors on his GDC paperwork. His claims against these individuals could be dismissed for this reason alone. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Even if the mistakes on Plaintiff's paperwork originated with Defendants Tomlinson and Judge Perryman, the claims against them would still be subject to dismissal. "Judges are entitled to absolute judicial immunity from damages under section 1983 for

---

[2] If Petitioner is challenging the GDC's calculation of his sentence or his release date, he may be able to bring a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 after he exhausts his state court remedies. *See Broxton v. Ga. Dep't of Corr.*, CV423-021, 2023 WL 3931966, at *2 n.2 (S.D. Ga. May 4, 2023).

[3] Plaintiff lists three individuals with the last name "Perryman" as Defendants: Dick Perryman, whom he identifies as the "Cook County/Alapaha Circuit District Attorney"); Richard Perryman II, whom he identifies as "Cook County Judicial Court Judge"; and Richard L. Perryman III, whom he also identifies as "Cook County Judicial Court Judge." ECF No. 1 at 4. Plaintiff alleges that all three of these names refer to the same individual. *Id.* at 5. It thus appears Plaintiff may wish to sue Defendant Perryman both in his capacity as a judge and in his capacity as a prosecuting attorney, and the Court therefore addresses claims against Defendant Perryman in both capacities.

those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.* In this case, any allegedly unconstitutional conduct by the judges occurred entirely during Plaintiff's state court proceedings; there is no suggestion that they acted in the clear absence of all jurisdiction. Defendants Tomlinson and Judge Perryman are therefore entitled to judicial immunity, and the claims against them should be dismissed.

Similarly, if Plaintiff is alleging that the mistakes with his paperwork originated with Defendant District Attorney Perryman, he has failed to state a claim. A prosecutor is "entitled to absolute immunity for 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state.'" *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). This immunity applies even if the prosecutor acted with a malicious or improper motive or intentionally acted in bad faith. *See Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Though the basis for Plaintiff's claims against Defendant District Attorney Perryman is unclear, it appears he was the district attorney when Plaintiff was charged with crimes in 2018 and in 2020. ECF No. 5-1 at 2. It is not clear whether Defendant District Attorney Perryman actively prosecuted Plaintiff, but if he did, then his allegedly unconstitutional "activities were intimately associated with the judicial phase of

the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler*, 424 U.S. at 430; *see also Hart*, 587 F.3d at 1295 ("Prosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions" (cleaned up)). Plaintiff's claims against Defendant District Attorney Perryman are therefore also subject to dismissal for this reason.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP (ECF No. 2) is **GRANTED,** and his motion for appointed counsel (ECF No. 7) is **DENIED.** It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A and § 1915(e). The Clerk is **DIRECTED** to mail Plaintiff one courtesy copy of the documents filed at ECF No. 4-1 that include the warrants for which Plaintiff has requested copies.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 30th day of July, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge